IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ERIC GARNER, individually and on behalf of all others similarly situated** | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | CIVIL ACTION NO.: _____ |
| **POSTAL FLEET SERVICES, INC., VILANO EMPLOYMENT SERVICES, INC., AND THE STAGELINE COMPANY** | § § § § § § | **JURY DEMANDED** |
| *Defendants.* | § § § | |

### PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

ERIC GARNER ("Plaintiff"), individually, and on behalf of all others similarly situated file this Complaint against POSTAL FLEET SERVICES, INC., VILANO EMPLOYMENT SERVICES, INC., AND THE STAGELINE COMPANY (collectively referred to as "Defendants") to recover unpaid wages, unpaid overtime compensation, liquidated damages, interest, costs, and attorney's fees, and for cause of action would show the following:

### I.   NATURE OF CLAIMS

1.   This collective action lawsuit arises to correct unlawful employment practices by Defendants, leaders in transportation services, including Defendants' failure to properly compensate employees for duties performed on behalf of Defendants and denying its employees

their wages due under the federal Fair Labor Standards Act ("FLSA").

2.      Plaintiff sues on behalf of himself and other similarly situated employees, who worked for Defendants and who elect to opt into this action, pursuant to the FLSA 29 U.S.C. §§ 201 *et seq.*, and specifically the collective action provision of FLSA 29 U.S.C. § 216(b). This action claims that Defendants have violated the wage-and-hour provisions of the FLSA, by willfully committing widespread violations of the FLSA, by failing to pay Plaintiff for compensable time and by failing to compensate Plaintiff for overtime.

3.      As a direct result of the above allegations, Defendants failed to pay employees the correct amount of wages earned, maintain accurate employment records and provide accurate wage statements.

4.      Plaintiff and all similarly situated former and current employees, who elect to participate in this action, seek to recover unpaid wages, unpaid overtime compensation, liquidated damages, interest, costs, and attorney's fees and cost pursuant to 29 U.S.C. § 216(b) owed by Defendants.

## II.    JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction over this case based on federal question jurisdiction. There exists federal question jurisdiction because Plaintiff brings his claims under FLSA 29 U.S.C. §§ 201 *et seq.*

6.       Venue is proper in the Northern District of Texas, pursuant to 28 U.S.C. § 1391(b), because the Defendants transacted business within this judicial district and a substantial amount of the events or omissions giving rise to this Complaint occurred in this district.

7.      The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. For years, Defendants have done business in the state of Texas, and it continues to do business in the state of Texas.

### III. THE PARTIES

8. Plaintiff Eric Garner (hereinafter "Plaintiff") is an individual currently residing in Tarrant County, Texas, and was employed in Tarrant County, Texas during all times relevant to this action. Plaintiff Garner was employed with Defendants, within the meaning of the FLSA, from July of 2018 through March of 2020. Plaintiff brings his federal unpaid wage claims on his own behalf and on behalf of others similarly situated.

9. Defendant, Postal Fleet Services, Inc. ("Defendant Postal") is a company primarily engaged in transportation services for the United States Postal Service ("USPS"). Among other states, Defendant Postal transacts business and provides services in the state of Texas and may be served with process through its registered agent, Leslie Don Dorris at 2808 5th Street N, Suite 501, Saint Augustine, FL 32084.

10. Defendant, Vilano Employment Services, Inc. ("Defendant Vilano") is a company primarily engaged in transportation services for the United States Postal Service ("USPS"). Among other states, Defendant Vilano transacts business and provides services in the state of Texas and may be served with process through its registered agent, Craig R. Gregory at 2808 5th Street N, Suite 501, Saint Augustine, FL 32084.

11. Defendant, The Stageline Company ("Defendant Stageline") is a company primarily engaged in transportation services for the United States Postal Service ("USPS"). Among other states, Defendant Vilano transacts business and provides services in the state of Texas and may be served with process through its registered agent, Leslie Don Dorris at 2808 5th Street N, Suite 501, Saint Augustine, FL 32084.

## IV.   FACTS

12. At all times relevant to this lawsuit, Defendants were, and remain, enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA 29 U.S.C. § 203 and is subject to the FLSA.

13. Defendants employed Plaintiff and other similarly situated employees at all relevant times within the meaning of the FLSA 29 U.S.C. § 203(g).

14. Defendants are delivery service companies headquartered in Saint Augustine, Florida.

15. Defendants employ drivers in multiple states, including but not limited to Texas.

16. Based on information and belief, each of Defendants' annual revenues exceeded $500,000 in each of the last five years.

17. In July of 2018, Plaintiff began his career with Defendants as a driver.  Plaintiff remained in that role until March of 2020 when he was terminated by Defendants.

18. At all relevant times, Plaintiff was employed for an enterprise engaged in commerce or in the production of goods for commerce.

19. At all relevant times, Plaintiff was an hourly-non-exempt employee.

20. In performing his duties, Plaintiff was engaged in transporting and handling goods or materials that were moved or produced for commerce by Defendants.

21. During his employment with Defendants, Plaintiff had three managers: Eric Mason, Mike Porter, Valerie West and Josh Turner.

22. As a driver for Defendants, Plaintiff's principal activity was to drive a delivery truck to deliver mail to and from specified locations and perform various preliminary and postliminary activities.

23. Preliminary and postliminary activities Plaintiff was required to conduct were off-the-clock

and without compensation.

24. These off the clock duties, included but are not limited to, fixing mechanical issues with the delivery truck; waiting for repairs on the delivery truck; waiting for delivery truck replacements; constructions, fog, flood and farming equipment delays; and cleaning the delivery truck ("Off-the-Clock Duties").

25. Additionally, Plaintiff was also required to stay on-site or near the pick-up location after dropping off a load, waiting or sleeping in his truck, until the next load was ready for pick-up, and required to wait in line after each shift to refuel the delivery truck ("Waiting Time").

26. Plaintiff was not compensated for Off-the-Clock Duties or for his Waiting Time.

27. Plaintiff's Off-the-Clock Duties and Waiting Time were compensable time that falls within the meaning of FLSA 29 C.F.R § 790.7 and § 785.14.

28. Plaintiff's Off-the-Clock Duties were an integral and indispensable part of the principal activity, within the meaning of FLSA 29 C.F.R § 790.8, Plaintiff performed for Defendants.

29. Waiting was also an integral and indispensable part of the principal activity, within the meaning of FLSA 29 C.F.R § 790.8, Plaintiff performed for Defendants.

30. Additionally, Plaintiff was engaged to wait for his next pick-up load and was required to care for Defendants' property, the delivery truck, while he waited.

31. Other similarly situated employees were engaged in Off-the-Clock Duties and not compensated for Waiting Time.

32. Plaintiff customarily and regularly worked many hours each workweek that constituted compensable Off-the-Clock Duties and Waiting Time.

33. Plaintiff was regularly scheduled six days a week for approximately eighteen and fifty-eight hundredths (18.58) hour shifts. Defendants automatically deducted approximately nine and

eighty-three hundredths (9.83) hours from every shift for time spent waiting on-site or near the pick-up location, until the next load was ready for pick-up.

34. Plaintiff, as an hourly, non-exempt employee, was not paid time and a half for hours worked over forty (40) in a workweek.

35. Defendants failed to compensate drivers for Waiting Time and overtime to avoid paying Plaintiff the total compensation he was due.

36. Defendants, through its supervisors and management employees, have required, suffered, and/or permitted drivers to work through Waiting Time without proper compensation in violation of the FLSA.

37. Plaintiff and all other similarly situated employees were not paid for compensable time as defined by the applicable Federal regulations.

38. Plaintiff and all other similarly situated employees were not paid for overtime as defined by the applicable Federal regulations.

39. Defendants' violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiff and other similarly situated employees' rights.

40. The work performed by Plaintiff and other similarly situated employees was within Defendants' knowledge and control. Defendants set Plaintiff's and similarly situated employees' schedules, assigned routes, and supervised their work.

41. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c) and 29 C.F.R. § 516.

42. Defendants wrongfully paid Plaintiff the incorrect amount of wages earned, failed to maintain accurate employment records and failed to provide accurate wage statements by not including compensable time spent on Off-the-Clock Duties and Waiting Time and by not properly

compensating for hours worked over forty (40) in a workweek under the FLSA.

43. Defendants failed to keep accurate time records when it instructed Plaintiff that time spent performing Off-the-Clock duties and Waiting Time were not compensable. Defendants' illegal instructions made it appear as though Plaintiff worked fewer hours than he actually worked. Plaintiff knows of other similarly situated employees that were robbed of time worked in the same manner.

44. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to unpaid wages, unpaid overtime compensation, liquidated damages, interest, costs, and attorney's fees and cost incurred in this action pursuant to 29 U.S.C. § 216(b).

## V.   COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

45. Plaintiff brings his FLSA claim on behalf of himself and all persons, who worked for Defendants as "drivers", with the same job duties, at any time from three (3) years prior to the filing of the Complaint to entry of judgment in this case.

46. Plaintiff asserts that Defendants' willful disregard of the FLSA described herein entitles Plaintiff and similarly situated employees to the application of the three (3) year limitations period.

47. Defendant employs, and has employed, multiple persons in the same job functions and/or position that Plaintiff has occupied.

48. At all times relevant hereto, Plaintiff and others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

49. Plaintiff, and all those similarly situated, perform or have performed functions, which entitle them to additional compensation, yet Defendants have willfully refused to pay them such unpaid wages.

50. Plaintiff, and all those similarly situated, perform or have performed functions, which

entitle them to receive overtime compensation, yet Defendants have willfully refused to pay them such overtime wages.

51. Defendants compensated Plaintiff and all those similarly situated on a uniform basis common to Plaintiff and other persons performing similar functions.

52. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and as such, notice should be sent to all current and former drivers. There are numerous similarly-situated current and former drivers of Defendants, who have not been properly compensated for time worked for Defendants in violation of the FLSA, and who would benefit from the issuance of a court-supervised Notice of the present lawsuit and the opportunity to join in the present lawsuit pursuant to 28 U.S.C. § 216(b). Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## VI.    FIRST CAUSE OF ACTION: VIOLATION OF THE FAIR LABOR STANDARDS ACT

53. Plaintiff reasserts and incorporates by reference all the above numbered paragraphs.

54. Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by not compensating drivers properly, thereby failing and refusing to pay all compensation due to current and former drivers, including Plaintiff and all others similarly situated, in accordance with § 785 and § 778 of the FLSA.

55. Defendants have failed to pay employees for compensable time worked in violation of § 785.14 and § 785.24 of the FLSA.

56. The FLSA requires covered employers, such as Defendants, to compensate drivers at a rate of not less than one and one-half time the regular rate of pay for work performed in excess of forty (40) hours a week.

57. At all times relevant hereto, Defendants knew the FLSA applied to Plaintiff and others similarly situated.

58. At all times relevant hereto, Defendants had knowledge of their FLSA requirements to pay overtime compensation for hours worked in excess of forty (40) hours a week.

59. At all times relevant hereto, Defendants had knowledge that Plaintiff, and others similarly situated, worked off the clock and spent many hours waiting or sleeping in their truck until their next load and/or while refueling delivery trucks without compensation.

60. Defendants required such off the clock work and freely accepted the benefit of this time, and at a minimum suffered and permitted this practice.

61. Defendants required Plaintiff to wait for his next load and wait to refuel the delivery truck, without compensation, and freely accepted the benefit of this time and at a minimum suffered and permitted this practice.

62. The FLSA requires employers, such as Defendants, to compensate employees, such as Plaintiff, for all hours worked for Defendants.

63. At all relevant times, Defendants had knowledge of their FLSA requirements to pay Plaintiff for all hours worked.

64. Defendants also had knowledge that Plaintiff's time records, and the time records of others similarly situated, were inaccurate and did not include all hours worked, and at a minimum suffered and permitted this practice.

65. As a result of Defendants' violations of the FLSA, Plaintiff, as well as all others similarly situated, have suffered damages by being denied wages for all hours worked and being denied overtime wages for all hours worked over forty (40) in a workweek.

66. Defendants have not made a good faith effort to comply with the FLSA in respect to its

compensation of Plaintiff and other similarly situated current and former drivers.

67. Despite knowledge of Defendants' obligations under the FLSA, Defendants required Plaintiff to perform Off-the-Clock-Duties without compensation and required Plaintiff to wait for his next load at or near the delivery location and to refuel the delivery truck without compensation.

68. As a result of unlawful acts of Defendants, Plaintiff and all similarly-situated current and former drivers have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### VII. SECOND CAUSE OF ACTION: WILLFUL VIOLATION

69. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

70. Defendants have an obligation under the FLSA to maintain accurate records of time worked by employees.

71. Defendants have failed to maintain accurate time records of all hours worked by Plaintiff, and other similarly situated employees.

72. Defendants have intentionally and repeatedly engaged in the practice of failing to pay drivers for compensable time.

73. Defendants have intentionally and repeatedly engaged in the practice of failing to pay drivers at a rate of not less than one and one-half time the regular rate of pay for work performed in excess of forty (40) hours a week.

74. The foregoing conduct constitutes a willful violation of the FLSA, as Defendants knew of, or showed reckless disregard for, the fact that their compensation practices were in violation of the FLSA.

75. In fact in April 2019, Defendant Postal was the subject of a Department of Labor ("DOL")

investigation and the DOL found that they failed to pay drivers for time spent working before their scheduled shifts and for time spent driving company trucks from one city to another between their local routes. Further, the investigation found that Defendant Postal failed to pay employees fringe benefits and failed to maintain records of hours employees worked, in violation of the FLSA.

76. Defendants have not acted in good faith with respect to their failure to pay overtime compensation or their failure to pay for all hours worked. Defendants have no legitimate reason to believe their actions and omissions were not a violation of the FLSA, thus entitling Plaintiff, and those similarly situated, to recover an award of liquidated damages in an amount equal to the amount of the unpaid compensation described above.

77. Defendants have done so uniformly, throughout its locations nationwide, not compensate drivers for Off-the-Clock Duties and Waiting Time and not compensate drivers properly for all hours worked over forty (40) in a workweek. The job duties of the driver positions are uniform throughout all Defendants' locations nationwide with regard to the intentional and willful underpayment of wages of this class of employees.

78. Defendants have intentionally and repeatedly engaged in the practice of underpaying drivers, under the FLSA, for the purpose of minimizing payroll and increasing profitability.

79. Because Defendants have willfully violated the FLSA by not paying Plaintiff for Off-the-Clock Duties and Waiting Time and failing to pay Plaintiff overtime for all hours worked over forty (40) in a workweek, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

## VIII.   JURY DEMAND

80. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff has submitted the jury demand and herein submit the jury fee.

## IX. PRAYER FOR RELIEF

81. **WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated individuals he seeks to represent in this action, requests the following relief:**

   a. Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216(b);

   a. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been at any time during the three (3) years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by the Defendant as "drivers". Such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were under compensated, whereas their duties required them to perform Off-the-Clock Duties and they were not compensated for Waiting Time and/or they worked over forty (40) hours in a workweek and did not receive overtime compensation;

   b. That the Court find that Defendants violated the provisions of the FLSA 29 U.S.C. §§ 201 *et seq*. as to the Plaintiff and others similarly situated;

   c. That the Court find that Defendants' violations as described have been willful;

   d. That the Court award to Plaintiff the amount of unpaid wages, unpaid overtime compensation and penalties subject to proof at trial pursuant to FLSA 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations;

   e. That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to FLSA 29 U.S.C. § 216(b);

   f. That Plaintiff and the Class be awarded an amount equal to their unpaid compensation

    damages as liquidated damages;

g.  That the Court award to Plaintiff pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

h.  That the Court award such other and further relief as this Court may deem appropriate.

    Respectfully Submitted,
    TB Robinson Law Group, PLLC

    _/s/ T. B. R._

    Terrence B. Robinson
    Fed. Bar No. 14218
    Texas Bar No. 17112900
    Email: TRobinson@TBRobinsonlaw.com
    7500 San Felipe St., Suite 800
    Houston, Texas 77063
    Phone: (713) 568-1723
    Facsimile: (713) 965-4288
    **ATTORNEY FOR PLAINTIFF**