UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERIC GARNER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00523-O |
| § | |
| POSTAL FLEET SERVICES, INC., § | |
| VILANO EMPLOYMENT SERVICES, § | |
| INC. & THE STAGELINE COMPANY, § | |
| § | |
| Defendants. § | |

## ORDER

On November 26, 2021, Plaintiff Eric Garner filed a Motion for Summary Judgment (ECF No. 39). On December 7, the Court granted the motion in part, ruling that Garner had established sufficient evidence of liability but insufficient evidence of damages. *See* Order, ECF No. 41. The Court granted Garner leave to amend his summary judgment motion on the damages issue. *See* Order, ECF No. 43. On December 29, Garner filed a Supplemental Motion for Summary Judgment for Damages (ECF No. 44). Defendants still have not appeared, so the Court treats the motion as unopposed. Having considered the motion and applicable law, the Court **GRANTS** the motion.

## I.   BACKGROUND

Defendants are delivery service companies headquartered in Saint Augustine, Florida, doing business in Texas.[1] Garner began driving for Defendants in July 2018. His primary duty was to deliver mail. He also had to perform various related duties, such as fixing mechanical issues with the delivery truck, cleaning the truck, waiting for truck repairs and replacements, and waiting

---

[1] The Court recites the facts as stated in Plaintiff's summary judgment materials. *See* Mot. for Summ. J., ECF No. 39; Supp. Mot. for Summ. J., ECF No. 44. Because Defendants have failed to respond to Plaintiff's motions, the Court accepts Plaintiff's statement of the facts as undisputed. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

on delays resulting from constructions, fog, floods, and farming equipment. Defendants required Garner to perform these duties off the clock and without compensation.

Defendants also required Garner to stay on-site or near the pick-up location after dropping off a load. Garner would often wait or sleep in his truck, until the next load was ready for pick-up, and he was required to wait in line after each shift to refuel the delivery truck. Defendants did not compensate Garner for this waiting time. Garner's off-the-clock duties and waiting time amounted to approximately ten hours each workweek.

Defendants regularly scheduled Garner to work six days a week for approximately 18.58-hour shifts each day. Defendants automatically deducted approximately 9.83 hours from every shift for time spent waiting on site or near the pick-up location, until the next load was ready for pick-up. Garner's regular pay rate was $18.94 per hour. Garner, as an hourly, non-exempt employee, was not paid time-and-a-half for hours worked over forty in a workweek. Defendants did not compensate Garner and similarly situated drivers for waiting time and off-the-clock duties.

Garner alleges that Defendants wrongfully paid him the incorrect value of wages earned, failed to maintain accurate employment records, and failed to provide accurate wage statements. Garner also alleges that Defendants failed to keep accurate time records by instructing Garner to not record time spent waiting and performing off-the-clock duties. Garner seeks damages for Defendants' violations of the Fair Labor Standards Act (FLSA).

## II.      LEGAL STANDARD

Summary judgment is appropriate only where the pleadings and evidence show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is not "a disfavored procedural shortcut, but rather . . . an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327

(1986) (quoting Fed. R. Civ. P. 1). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he substantive law will identify which facts are material." *Id.* The movant must inform the court of the basis for its motion and identify the portions of the record that reveal there are no genuine disputes of material fact. *Celotex*, 477 U.S. at 323.

The court must view the evidence in the light most favorable to the nonmovant. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013). "Moreover, a court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." *Id.* And if there appears to be some support for disputed allegations, such that "reasonable minds could differ as to the import of the evidence," the court must deny the motion for summary judgment. *Anderson*, 477 U.S. at 250.

The opposing party must "identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Therefore, where the opposing party fails to respond to a motion for summary judgment, the court may "accept[] as undisputed the facts so listed in support of [the] motion." *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). The court may grant the motion if the materials submitted make a prima facie showing that the moving party is entitled to judgment. *Id.*

### III.   ANALYSIS

Garner brings two claims against Defendants under the FLSA. Garner's core claim is that Defendants failed to compensate him for overtime in violation of 29 U.S.C. § 207(a)(1). Garner's second claim is for liquidated damages under § 216(b) for willful violation of the FLSA. The Court grants summary judgment in favor of Garner on each claim.

### A.     Overtime Compensation Claim

The FLSA prohibits employers from working hourly employees "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To satisfy a prima facie case for a violation of § 207(a)(1), an employee must demonstrate by a preponderance of the evidence "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). The Court previously concluded that Garner had satisfied the first three elements of the § 207(a)(1) claim for overtime compensation. It granted summary judgment in favor of Garner on those issues. The remaining issue is whether Garner has presented sufficient evidence of the amount of overtime compensation due.

The FLSA requires employers to "preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him." 29 U.S.C. § 211(c). "This section places on the employer the obligation of keeping accurate records of the hours worked by his employees; the employer cannot transfer his statutory duty to his employees." *Castillo v. Givens*, 704 F.2d 181, 194 (5th Cir. 1983). When the employer fails to preserve accurate records, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds as recognized in Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 31 (2014). "The burden then

4

shifts to the employer to come forward with evidence of the precise amount of work performed" or negate "the inference to be drawn from the employee's evidence." *Id.* at 677–78. "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Id.* at 678. Garner claims that Defendants have failed to maintain accurate time records. *See* Supp. Mot. for Summ. J., Ex. J at 6, ECF No. 44-6. Defendants have provided no evidence to the contrary. Garner therefore carries his burden on damages "if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson*, 328 U.S. at 687.

Garner has provided sufficient evidence of damages. Garner's regular pay rate was $18.94 per hour. *See* Supp. Mot. for Summ. J., Ex. I, ECF No. 44-5. He worked approximately 18.58 hours per day but was paid for only 8.58 of those hours. *See id.*, Ex. J at 3, ECF No. 44-6. Garner worked six days a week, which means he was owed approximately $2,111.43 per week, not including time-and-a-half for overtime. Including the overtime bonus, Garner was owed $2,788.35 per week. Garner's pay stubs show he was paid, on average, $994 per week. *See id.*, Ex. I, ECF No. 44-5. Garner was therefore underpaid by about $1,794.35 each week. Garner worked for Defendants for approximately eighty weeks, so his total damages for improper compensation amount to $143,548. *Id.*, Ex. J, ECF No. 44-6; *see also id.*, Ex. H, ECF No. 44-4 (showing calculations). The Court therefore **GRANTS** summary judgment in favor of Garner and **ORDERS** that Defendants owe $143,548 in damages.

### B.    Liquidated Damages

An employee may recover additional liquidated damages equal to the amount of compensation due if he can show a "willful violation" of the FLSA. 29 U.S.C. § 216. "Conduct is willful if the employer either knew or showed reckless disregard for whether its conduct was prohibited by the statute." *Cruz v. Maverick Cty.*, 957 F.3d 563, 572 (5th Cir. 2020) (cleaned up).

A court may then reduce the liquidated damages award if the employer demonstrates it acted in "good faith." 29 U.S.C. § 260; *Singer v. City of Waco*, 324 F.3d 813, 823 (5th Cir. 2003).

The Court previously granted summary judgment in Garner's favor as to the willful violation element of the liquidated damages claim. But because the amount of liquidated damages depended on the base damages calculation, the Court ultimately denied summary judgment on the liquidated damages claim. Garner has now presented sufficient evidence of damages. Accordingly, the Court **GRANTS** summary judgment in favor of Garner and **ORDERS** that Defendants owe an additional $143,548 in liquidated damages. Because Defendants have submitted no evidence that they acted in good faith, the Court will not reduce the award. *See* 29 U.S.C. § 260; *Singer*, 324 F.3d at 823.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Garner's Supplemental Motion for Summary Judgment (ECF No. 44) and **ORDERS** that Defendants are jointly and severally liable to Plaintiff in the amount of $287,096.00.

**SO ORDERED** on this **4th day** of **January, 2022.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE